27728. FIRST NATIONAL BANK OF GAINESVILLE *v.* ALLEN.

DECIDED SEPTEMBER 26, 1939.

*Wheeler & Kenyon, Charles J. Thurmond,* for plaintiff.
*E. W. White,* for defendant.

GUERRY, J. The First National Bank of Gainesville brought suit in a justice's court against Jacob Allen trading as Allen's Department Store, for the principal sum of $42.81, an alleged balance due on a promissory note dated January 17, 1936, executed by Allen's Department Store to the bank in the original sum of $112.35, payable by an initial down payment of $26.73 and the remainder in monthly installments of $14.27 each. The note stated that the promise to pay was for "value received," being an agreement by the bank to "finance payment" to the insurance company or its agent "of the balance of the premium on the policies herein mentioned." Allen duly made the initial payment, and

thereafter paid three installments, leaving an undisputed balance, as a matter of computation, of $42.81. Allen denied owing this, because of alleged partial failure of consideration, contending that the insurance company, according to notice given Allen on June 19, 1936, had canceled the policy for "non-payment of premium," and that the bank had failed to pay the insurance premium, especially that which would have prevented the cancellation of the policy. Testimony for the plaintiff was, that the note was brought to it by Jim Clark, the insurance agent; that it paid to Clark the amount called for by the note, including the initial payment by Allen; that it duly credited all payments by Allen; that the correct balance remaining unpaid was $42.81; and that it was holding only a certificate for the policy. The defendant testified that he took out a policy through Jim Clark, the agent, with the Ohio Hardware Mutual Insurance Company, and made the down payment on the note which he admitted executing to the bank in order that the bank might finance the payment of the insurance premium; that he did not know whether the policy was ever issued; that he had never received it; that the company advised him, on June 19, 1936, that the policy was being canceled for non-payment of premium; and that thereafter he made no more payments on the note. The note constituted the bank Allen's attorney to hold the policy as collateral until full payment of the note. A jury in the justice's court found for the defendant. The case was heard by the superior court on certiorari, which was overruled, and the plaintiff excepted.

Under the pleadings and the evidence a verdict for the plaintiff was demanded. There is no denial of the execution of the note; and while the note acknowledges that value was received, the evidence unquestionably shows that the consideration of the note was paid over *to the agent as provided for in the note*. The note provided that the bank should "finance payment to the insurance company or its agent of the balance of the premium on the policies herein mentioned." The evidence, including the note, unquestionably shows that the bank paid to the *agent* of the insurance company the full amount called for by the note, for application by the agent to the full premium of $107. Under the note it was not required to do more. The evidence also showed that a policy had been issued, according to the position of the insurance company.

However, it is inferable from the evidence that the entire premium had not been fully paid to the company by its agent, but only a part thereof, as the policy appears to have been issued about six months before the date named for cancellation. There was no requirement that the bank should pay only to the company the consideration called for by the note, but it was expressly provided that payment should be to the "insurance company or its agent," so that payment to the agent was an adequate compliance without any further obligation on the bank in any particular with reference thereto. What the agent did with all or any part of the money was of no concern to the bank. The fact that about six months after the issuance of the policy the company canceled it for non-payment of premium was of no concern to the bank. The bank was the payee in an unconditional contract in writing, and upon introduction of the note the plaintiff made out a prima facie case for recovery. As to the plea of partial failure of consideration, upon the bank showing, without dispute, that the consideration for the note had been paid to the agent of the insurance company as therein directed, the bank was entitled to recover the unpaid balance due on the note. Under the pleadings and the evidence, the plea of partial failure of consideration was not a valid defense. The court erred in overruling the certiorari, and in not rendering judgment for the plaintiff. The judgment is reversed, with direction that the court enter judgment for the plaintiff against Allen for $42.81, with costs. It is unnecessary to pass on the remaining assignments of error.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*